**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

SOCIALRYSE LLC, d/b/a BHBIGFLUCE RECORDS,

Plaintiff,

-against- Civil Action No. 1:26-cv-03407

YOUTUBE LLC and GOOGLE LLC,

Defendants.

------------------------------------------------------------- ---X

**PLAINTIFF'S STATEMENT OF RELATED CASE PURSUANT TO LOCAL CIVIL RULE 1.6**

Pursuant to Local Civil Rule 1.6 of the United States District Court for the Southern District of New York and Rule 13 of the Rules for the Division of Business Among District Judges, Plaintiff SocialRyse LLC, doing business as BHBIGFLUCE Records, respectfully submits this Statement of Related Case in compliance with its disclosure obligations.

**1.** **Identification of Related Case.** Plaintiff identifies the following case as related to the above-captioned action:

> *SocialRyse LLC v. YouTube LLC and Google LLC*, No. 1:25-cv-10337-LAK (S.D.N.Y.), pending before the Honorable Lewis A. Kaplan (the "Earlier Action").

**2.** **Common Parties.** The Plaintiff in the present action is the same Plaintiff as in the Earlier Action. The Defendants in the present action—YouTube LLC and Google LLC—are the same Defendants as in the Earlier Action.

**3.** **Common Factual Subject Matter.** Both actions concern Defendants' operation and enforcement of the Content ID system, Defendants' automated monetization infrastructure for copyrighted sound recordings on YouTube, and Defendants' treatment of Plaintiff's participation in that system. Both actions concern the same parties' ongoing interactions with respect to

Defendants' Content ID system, with Plaintiff as an independent rights holder participating in Content ID monetization through authorized distributor intermediaries and Defendants as the operators of the Content ID system.

4. **Different Legal Theories and Specific Factual Occurrences.** The two actions plead different legal theories and address different specific factual occurrences. The Earlier Action pleads federal antitrust claims (Sherman Act § 2 and related state-law claims) primarily arising from conduct beginning in 2020 in connection with Plaintiff's former distributor relationship. The present action pleads state-law tort and equitable claims (tortious interference, fraud, negligent misrepresentation, trade libel, promissory estoppel, and unfair competition) arising from specific events in 2023 in connection with Plaintiff's distributor relationship with Venice Music. The two actions involve different distributor relationships, different communications, and different causes of action, while both arise from Defendants' operation of the Content ID system as it has affected Plaintiff's catalog.

5. **Information for the Court's Consideration.** The Honorable Lewis A. Kaplan, who presides over the Earlier Action, has developed familiarity with Defendants' Content ID system architecture, the parties, and the relevant background through extensive motion practice in that case, including briefing on Defendants' motion to dismiss the First Amended Complaint. Plaintiff respectfully submits this information for the Court's consideration in determining whether the present action should be assigned as a related case under Local Civil Rule 1.6 and Rule 13 of the Rules for the Division of Business Among District Judges. Plaintiff acknowledges the differences between the two actions described in Paragraph 4 above.

Plaintiff submits this Statement in compliance with disclosure obligations under Local Civil Rule 1.6 and respectfully defers to the Court's judgment regarding the appropriate handling of related-case designation.

Dated: April 30 2026
New York, NY

Respectfully submitted,

/s/ Courtney K. Davy________

COURTNEY K. DAVY, ESQ.
Attorney for Plaintiff
299 Broadway, Suite 800
New York, NY 10007
(516) 850-1800
Courtneydavy.esq@gmail.com